United States Courts
Southern District of Texas
ENTERED

MAR 2 3 2005

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAULA BEDFORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H – 04 – 4548 |
| | § | |
| D.R. HORTON, INC., | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Compel Arbitration, alternatively, Motion to Dismiss. For the following reasons, Defendant's Motion to Compel Arbitration is **GRANTED**. The alternative Motion to Dismiss is **DENIED AS MOOT**.

## I. BACKGROUND

This is an employment case. Plaintiff is suing Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and is asserting state law claims for fraud and negligent misrepresentation. Defendant argues that the claims must be arbitrated because Plaintiff and Defendant entered a binding contractual agreement to arbitrate disputes arising out of employment. Plaintiff asserts that the arbitration agreement is illusory and unenforceable.[1]

---

[1] Plaintiff also argues that the arbitration agreement is unconscionable due to arbitration costs and the one-year limitations period stated in the agreement. This argument is now moot, however, because Defendant stipulates that it will pay the costs of arbitration and agrees not to assert the one-year limitations period stated in the arbitration agreement.

II.  **MOTION TO COMPEL ARBITRATION**

    A.  **Standard for Enforceability of Arbitration Agreement**

The Court engages in a two-step process to determine whether to grant a motion to compel arbitration. *Hadnot v. Bay, Ltd.*, 344 F.3d 474, 476 (5th Cir. 2003). First, the Court must determine whether the parties agreed to arbitrate the disputed issue. *Id.* Once the Court determines that the parties agreed to arbitrate, "it must consider whether any federal statute or policy renders the claims nonarbitrable." *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002).

The only issue the parties dispute is whether they did, in fact, agree to arbitrate. In deciding the question of whether the parties agreed to arbitrate the dispute, the Court "should apply ordinary state-law principles that govern the formation of contracts." *Hadnot*, 344 F.3d at 476 n.2 (quotation and citation omitted).

> In construing a written contract, the primary concern of the [C]ourt is to ascertain the true intentions of the parties as expressed in the instrument. To achieve this objective, [the Court] must examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless. No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument.

*J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003) (citations omitted).

    B.  **Arbitration Agreement is Valid**

Upon beginning her employment with Defendant, Plaintiff received an Employee Handbook ("Handbook") and signed an Employee Acknowledgment Form ("Acknowledgment Form" or "Form"). The Form acknowledges receipt of the Handbook, and contains an arbitration agreement, which expressly states:

> In the event there is any dispute arising out of your employment with [Defendant], or the termination thereof, which the parties are unable to resolve

> through direct discussion or mediation, regardless of the kind or type of dispute, you and [Defendant] agree to submit all such disputes exclusively to final and binding arbitration . . . .

Def.'s Mtn. to Compel Arbitration Ex. 1 ("Ex. 1").

Plaintiff argues that the arbitration agreement is illusory because an earlier paragraph in the Acknowledgment Form states:

> Since the information, policies, and benefits described here are subject to change, I acknowledge that revisions to the handbook may occur. All such changes will be communicated through official notices, and I understand that revised information may supersede, modify, or eliminate existing policies. Only members of the Executive Committee of [Defendant] have the ability to adopt any revisions to the policies in this handbook.

Ex. 1.

Plaintiff contends that this language gave Defendant the power unilaterally to revoke its promise to arbitrate, thereby making the arbitration agreement invalid. Defendant counters by stating that the power to change policies does not apply to the arbitration agreement, but to the policies contained in the Handbook. The arbitration agreement is not listed as a separate policy in the Handbook; it only appears on the Acknowledgment Form, a copy of which is attached at the beginning of the Handbook.[2] Therefore, Defendant's promise to arbitrate is not illusory.

The Court finds and holds that the arbitration agreement is valid. The arbitration clause is separate and distinct from the Handbook policies. The Employee Acknowledgment Form indicates that Defendant is not bound by the Handbook, but nothing in the Form states that Defendant has the right unilaterally to modify the arbitration agreement. The Form unequivocally states that both parties are required to submit employment disputes to arbitration. Any confusion on this point is clarified by the final sentence of the Form, which states: "I agree, as shown by my signature, to accept, endorse and abide by all Company policies and procedures

---

[2] An employee signs an Acknowledgment Form, which is placed in the employee's file. An unsigned copy of the Form appears in the Handbook, prior to the paginated pages.

3

*and* to arbitrate any disputes." Ex. 1 (emphasis added).  If the arbitration agreement was simply another company policy that Defendant has the right to change, as Plaintiff argues, then there would be no need to distinguish the fact that an employee who signs the form is agreeing to abide "by all Company policies and procedures" and also agreeing "to arbitrate any disputes." Plaintiff's interpretation would render meaningless the entire arbitration paragraph and make superfluous the last clause of the final sentence on the Form.

### III.  CONCLUSION

Because Plaintiff signed a valid, binding arbitration agreement, Defendant's Motion to Compel Arbitration is **GRANTED**.  Plaintiff is **ORDERED** to pursue her claims against Defendant, if at all, through arbitration under the National Employment Rules of the American Arbitration Association.  This civil action is hereby **STAYED** pending arbitration.  Defendant's alternative Motion to Dismiss is **DENIED AS MOOT**.

IT IS SO ORDERED.

SIGNED this 23rd day of March, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**